| | |
|---|---|
| 1 | LEO D. PLOTKIN (SBN 101893) |
| 2 | MARK D. HURWITZ (SBN 151159) |
|   | LEVY, SMALL & LALLAS |
| 3 | A Partnership Including Professional Corporations |
|   | 815 Moraga Drive |
| 4 | Los Angeles, California  90049-1633 |
|   | Telephone:  (310) 471-3000 |
| 5 | Facsimile:   (310) 471-7990 |
|   | lplotkin@lsl-la.com / mhurwitz@lsl-la.com |
| 6 | |
| 7 | Attorneys for Defendant |
|   | TEXTRON FINANCIAL CORPORATION |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARLITE DEVELOPMENT (CHINA) LTD.,<br><br>            Plaintiff,<br><br>    vs.<br><br>TEXTRON FINANCIAL CORPORATION; MCA FINANCIAL GROUP, LTD.; MORRIS C. AARON; JOHN F. TURNER & CO., INC., a California corporation; JFTC, INC., a California corporation; MARK TURNER; JOHN F. TURNER; KATHLEEN A. TURNER; and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No.  1:07-CV-01767-OWW-DLB<br><br>DEFENDANT TEXTRON FINANCIAL CORPORATION'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>[FRCP 12(f)]<br><br>Date:        February 11, 2008<br>Time:        10:00 a.m.<br>Courtroom: 3 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 11, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-entitled Court, defendant Textron Financial Corporation ("TFC") will and hereby does move this Court pursuant to Rule 12(f), Federal Rules of Civil Procedure, for an order striking the following portions of the First Amended Complaint filed by plaintiff Starlite Development (China) Ltd. ("Starlite") against TFC:

1. <u>Page 12, paragraph 63, lines 25 through 26</u>: "Textron acted willfully and fraudulently so as to justify the award of exemplary and punitive damages";

2. <u>Page 13, paragraph 71, lines 23 through 24</u>: "Defendant Textron acted willfully and fraudulently so as to justify the award of exemplary and punitive damages";

3. <u>Page 16, paragraph 3 of the Prayer for Relief, line 19</u>: "For punitive damages [against TFC] in an amount according to proof at trial".

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying Request for Judicial Notice and other papers in support of TFC's concurrent Motion to Dismiss Plaintiff's First Amended Complaint, the pleadings and papers on file in this action, and such other argument and matter that the Court may consider.

DATED:   January 8, 2008

LEO D. PLOTKIN
MARK D. HURWITZ
LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations

By: /s/ Leo D. Plotkin
    Leo D. Plotkin
Attorneys for Defendant TEXTRON FINANCIAL CORPORATION

21505

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendant Textron Financial Corporation ("TFC") is entitled to move to strike any "redundant, immaterial, impertinent, or scandalous matter" contained in Plaintiff's First Amended Complaint (the "Amended Complaint") herein.  "A motion to strike is appropriate to address requested relief, such as punitive damages, which is not recoverable as a matter of law."  Wilkerson v. Butler, 229 F.R.D. 166, 172 (E.D. Cal. 2005).

The allegations of, and prayer for, punitive damages made by Plaintiff Starlite Development (China) Ltd. ("Starlite") against TFC are improper matter that must be stricken because Starlite has not alleged facts to support an award of punitive damages under California law.  California Civil Code Section 3294(a) provides for the right to recover punitive damages only where "the defendant has been guilty of oppression, fraud, or malice," which terms are defined as follows in Civil Code Section 3294(c):

> "(1) 'Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.
>
> (2) 'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.
>
> (3) 'Fraud' means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."

For the reasons set forth in TFC's accompanying Motion to Dismiss the Amended Complaint, Starlite has not alleged facts sufficient to state any claim against TFC, much less any basis for punitive damages. The conduct of which Starlite complains amounts merely to TFC's exercise of its rights as a secured creditor under Article 9 of the Uniform Commercial Code [see Request for Judicial Notice in support of Motion to Dismiss, Ex. "B"]. Even if it were possible to state a tort claim against TFC based on its exercise of its rights as a secured creditor (which it is not), there is nothing in the Amended Complaint that suggests that TFC acted with any particular intent to "cause injury to" Starlite, or to subject Starlite to "cruel and unjust hardship."

Not only has Starlite failed even to attempt to state a cause of action for fraud or deceit against TFC,[1] but Starlite has not alleged any facts that could possibly support a fraud claim. Starlite has not identified a single representation (much less a false representation) that TFC ever made to Starlite. Moreover, since Starlite has not identified any transaction or relationship between Starlite and TFC, Starlite cannot allege the basis for any duty on the part of TFC to disclose to Starlite any fact that TFC purportedly concealed. See Daugherty v. American Honda Motor Co., Inc., 144 Cal. App. 4th 824, 838 (2006); LiMandri v. Judkins, 52 Cal. App. 4th 326, 336-337 (1997). Accordingly, Starlite cannot establish any fraud on the part of TFC, much less fraud that would warrant the imposition of punitive damages.

Starlite has not established any basis for punitive damages against TFC on its intentional interference claims in the Fifth and Sixth Causes of Action, which are the only claims in which Starlite seeks punitive damages against TFC. Starlite

---

[1] The Third Cause of Action against TFC is for aiding and abetting fraud, not fraud, and in any event, for the reasons set forth in the accompanying Motion to Dismiss, the Third Cause of Action fails to state a claim against TFC for which relief may be granted.

contends that TFC interfered with Starlite's business and contractual relationship with John F. Turner and Company ("Turner Company") by collecting proceeds of Turner Company's sales, while Starlite remained unpaid for goods it sold to Turner Company. Such claims notwithstanding, Starlite has not alleged and cannot allege any specific wrongful motive or intent of TFC to injure Starlite. Absent such allegations, Starlite cannot obtain punitive damages. <u>Cyrus v. Halveson</u>, 65 Cal. App. 3d 306, 317 (1976) (plaintiff not entitled to punitive damages despite claims for trespass, conversion and forcible entry and detainer; conclusory allegation of malice insufficient).

For the foregoing reasons, TFC respectfully requests that the Court strike the following portions of the Amended Complaint:

1. <u>Page 12, paragraph 63, lines 25 through 26</u>: "Textron acted willfully and fraudulently so as to justify the award of exemplary and punitive damages";

2. <u>Page 13, paragraph 71, lines 23 through 24</u>: "Defendant Textron acted willfully and fraudulently so as to justify the award of exemplary and punitive damages";

3. <u>Page 16, paragraph 3 of the Prayer for Relief, line 19</u>: "For punitive damages [against TFC] in an amount according to proof at trial".

DATED: January 8, 2008

LEO D. PLOTKIN
MARK D. HURWITZ
LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations

By: /s/ Leo D. Plotkin
    LEO D. PLOTKIN
Attorneys for Defendant
TEXTRON FINANCIAL CORPORATION

21505

TEXTRON FINANCIAL CORPORATION'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT